■ ZONA, INC., Respondent, v SOHO CENTRALE, L. L. C., Appellant. [704 NYS2d 38] —Order, Supreme Court, New York County (Emily Goodman, J.), entered July 29, 1999, which granted plaintiff's motion for a *Yellowstone* injunction and denied defendant's cross-motion for dismissal of the complaint, unanimously reversed, on the law, without costs, the motion denied, and the cross-motion granted to the extent of issuing a declaration in defendant-landlord's favor.

This declaratory judgment action arose from a commercial lease executed between plaintiff, Zona, Inc. (tenant), and defendant Soho Centrale, L. L. C. (landlord), in which tenant represented that its principal, Louis Sagar, owned 90 percent of tenant's stock. Tenant asserts that it received a notice of default from landlord indicating that it was in violation of the lease. According to the notice, tenant violated its lease when it assigned, without prior written consent, "twenty-five (25%) percent of the issued and outstanding capital stock of Tenant without Louis Sagar continuing to retain and exercise operational control of Tenant." Landlord asserts that Sagar, who had been in control of tenant, was central to the parties' lease.

In commencing this action, tenant moved by way of order to show cause for a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630). Landlord cross-moved for an order dismissing tenant's first and second causes of action, which sought a declaration that tenant had not violated the various provisions relating to assignment. Supreme Court granted tenant's motion for an injunction and denied landlord's cross-motion for dismissal. We conclude that Supreme Court erred.

With regard to the assignment of the lease, paragraph 69 of the rider to the lease provides that "the transfer or other disposition of in excess of twenty-five percent * * * of the beneficial ownership of Tenant * * * shall constitute an assignment of this lease." In this paragraph tenant represented that "Louis Sagar is currently the holder of ninety (90%) percent of the issued and outstanding shares of Tenant." As it is uncontroverted that Louis Sagar is no longer the owner of any shares of tenant, the lease, pursuant to its terms, has clearly been assigned.

Seeking to escape the inevitability of the foregoing conclusion, tenant asserts that from the inception of the lease all of its shares were owned by a Delaware corporation also called Zona (Zona Delaware) and that Sagar was a shareholder of the Delaware corporation. While it is conceded that Sagar is no longer a shareholder of Zona Delaware, tenant asserts that this is irrelevant. In this connection, tenant contends that the lease only precluded a transfer of shares of the corporate tenant, not of its corporate parent company. This argument, however, cannot be credited.

Stated simply, although tenant represented that Sagar owned 90 percent of its outstanding stock, at this juncture the stock is owned not by Sagar but by Zona Delaware. While it may be that Zona Delaware owned tenant's stock from the inception of the lease, and thus there has not been any actual change in ownership of such stock, tenant is precluded from asserting this state of facts in light of its specific representation regarding Sagar—a representation that was obviously material and central to the lease agreement.

Turning to the propriety of Supreme Court's grant of an injunction, the party seeking a *Yellowstone* injunction must demonstrate that: " '(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises' "

(*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 93 NY2d 508, 514, quoting *225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.*, 211 AD2d 420, 421).

Here, tenant's assignment of the lease without obtaining landlord's prior written consent constituted an incurable default (*see, Pergament Home Ctrs. v Net Realty Holding Trust*, 171 AD2d 736). Hence, the grant of a *Yellowstone* injunction was improper. This conclusion is particularly warranted since tenant has failed to assert that it has the ability to cure its default, i.e., by undoing the assignment of the lease (*Cemco Rests. v Ten Park Ave. Tenants Corp.*, 135 AD2d 461, *lv dismissed* 72 NY2d 840).

In view of the foregoing, tenant's motion for a *Yellowstone* injunction should have been denied, and landlord's cross-motion should have been granted to the extent of issuing a declaration in its favor. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.