■ E.C. ELECTRONICS, INC., Respondent, v AMBLUNTHORP HOLDING, INC., Appellant. [834 NYS2d 14]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 11, 2006, which granted plaintiff's motion for a *Yellowstone* injunction upon the posting of a $30,000 bond and the timely payment of rent under the lease, unanimously affirmed, with costs.

Plaintiff, the commercial tenant, denied responsibility for the alleged defaults set forth in the landlord's notice, but evinced a willingness to cooperate in the investigation of purportedly forged signatures on forms submitted to the New York City Department of Buildings. As of yet, there has been no judicial determination that there are forgeries, or, if there are, whether the subtenant was responsible; nor is there a basis to evaluate whether there have actually been defaults.

The purpose of a *Yellowstone* injunction (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) is to stop the running of the cure period and to maintain the status quo while

the underlying dispute is being litigated (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]). We note that the form of the temporary restraining order did not explicitly toll the cure period. However, the showing required for a *Yellowstone* injunction is somewhat more relaxed than in applying for a preliminary injunction (*see Garland v Titan W. Assoc.*, 147 AD2d 304, 307 [1989]), and a toll of the period to cure was inherent in the nature of the relief sought. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.