Boi To Go, Inc., Appellant, v Second 800 No. 2 LLC, Respondent. [870 NYS2d 334]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 4, 2008, which, insofar as appealed from, denied plaintiff's motion for a *Yellowstone* injunction, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff restaurant established its entitlement to a *Yellowstone* injunction. In addition to demonstrating that it held a commercial lease, had received a notice to cure from defendant landlord, and had requested injunctive relief prior to the expiration of the cure period, plaintiff showed that it was prepared and maintained the ability to cure the alleged default (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). Although denying responsibility for the defaults set forth in defendant's notice, i.e., that plaintiff permitted offensive odors to emanate from its establishment to other areas of the building, plaintiff has nonetheless evinced a willingness to cure any defaults, if found by the court (*see TSI W. 14, Inc. v Samson Assoc., LLC*, 8 AD3d 51, 52-53 [2004]; *compare Cemco Rests. v Ten Park Ave. Tenants Corp.*, 135 AD2d 461 [1987], *lv dismissed* 72 NY2d 840 [1988]). Here, there has yet to be a determination that odors were indeed coming from plaintiff's establishment, or, if so, whether plaintiff was responsible for them. Accordingly, there is no basis to evaluate whether plaintiff is in violation of its lease (*see E.C. Elecs., Inc. v Amblunthorp Holding, Inc.*, 38 AD3d 401 [2007]), and the application seeking injunctive relief should have been granted. Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.