Artcorp Inc. v Citirich Realty Corp. (2015 NY Slip Op 00650)





Artcorp Inc. v Citirich Realty Corp.


2015 NY Slip Op 00650


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Mazzarelli, J.P., DeGrasse, Richter, Clark, JJ.


14067N 653878/13

[*1] Artcorp Inc., Plaintiff-Appellant,
v
Citirich Realty Corp., Defendant-Respondent.


Moulinos & Associates LLC, New York (Peter Moulinos of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Order, Supreme Court, New York County (Nancy Bannon, J.), entered June 20, 2014, which denied plaintiff's motion for a Yellowstone injunction, unanimously reversed, on the law and the facts, with costs, and the motion granted.
To obtain Yellowstone relief a tenant need not show a likelihood of success on the merits (WPA/Partners LLC v Port Imperial Ferry Corp., 307 AD2d 234, 237 [1st Dept 2003]). It can simply deny the alleged breach of its lease (see Boi To Go, Inc. v Second 800 No. 2 LLC, 58 AD3d 482 [1st Dept 2009]). Contrary to defendant landlord's contention, plaintiff tenant clearly asserted its willingness to cure the allegedly improper assignment of its shares, and had the ability to do so either by transferring its shares back to the deceased owner's estate (see East Best Food Corp. v NY 46th LLC, 56 AD3d 302 [1st Dept 2008]) or by seeking consent from the landlord (see Gettinger Assoc., LLC v Abraham Kamber & Co. LLC, 103 AD3d 535 [1st Dept 2013]). Further, consent may be obtained after the assignment and even in the absence of a lease provision authorizing this post-assignment cure (see Empire State Bldg. Assoc. v Trump Empire State Partners, 245 AD2d 225, 229 [1st Dept 1997]). Zona, Inc. v Soho Centrale (270 AD2d 12 [1st Dept 2000]) is distinguishable because the tenant there failed to assert that it had the ability to cure its default.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK