■ THREE AMIGOS SJL REST., INC., Respondent, v 250 WEST 43 OWNER LLC et al., Appellants, et al., Defendant. [41 NYS3d 224]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered September 29, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for a *Yellowstone* injunction, and denied defendant Alphonse Hotel Corp.'s, the then landlord's, cross motion for partial summary judgment declaring in its favor on the first, third, fourth, and fifth causes of action in the amended complaint, and dismissing the second cause of action in that complaint except the portion related to a 2011 letter agreement, unanimously reversed, on the law, without costs, plaintiff's motion denied, and defendant's cross motion granted. The Clerk is directed to enter judgment accordingly.

Although the current landlord defendants were not parties to the action at the time of issuance of the order on appeal or at the time the former landlord filed the notice of appeal, we, sua sponte, deem the notice of appeal dated October 19, 2015 to be a notice of appeal by the current landlords (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]; *Matter of Ahmad C.*, 65 AD3d 1141 [2d Dept 2009]). The current landlords are "aggrieved part[ies]" within the meaning of CPLR 5511, and therefore have standing to appeal.

Plaintiff's admitted failure to procure retroactive umbrella coverage was a material breach allowing for termination of the lease (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900 [1987]; *C & N Camera & Elecs. v Farmore Realty*, 178 AD2d 310, 311 [1st Dept 1991]).

Plaintiff is not entitled to a *Yellowstone* injunction, since it sought such relief after the expiration of the cure period specified in the lease and the notice to cure. A tenant is not entitled to a *Yellowstone* injunction after the expiration of the cure period (*see 166 Enters. Corp. v I G Second Generation Partners, L.P.*, 81 AD3d 154, 158 [1st Dept 2011]; *see also KB Gallery, LLC v 875 W. 181 Owners Corp.*, 76 AD3d 909 [1st Dept 2010]). Although this Court has recognized a limited exception in certain circumstances (*see Village Ctr. for Care v Sligo Realty & Serv. Corp.*, 95 AD3d 219 [1st Dept 2012]), plaintiff does not so argue that it sought to cure the default. Rather, plaintiff claims that it cured the default within the specified period. Accordingly, it needed to move for *Yellowstone* relief before the expiration of the specified period (*see Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 210 [1st Dept 2005]), which it failed to do.

We have considered plaintiff's arguments in support of its motion and in opposition to the former landlord's cross motion, and find them unavailing. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.