Bliss World LLC v 10 W. 57th St. Realty LLC (2019 NY Slip Op 01509)





Bliss World LLC v 10 W. 57th St. Realty LLC


2019 NY Slip Op 01509


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7971N 657007/17

[*1] Bliss World LLC, Plaintiff-Respondent,
v
10 West 57th Street Realty LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York (Steven M. Stimell of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered March 28, 2018, which granted plaintiff tenant's motion for the continuation of an existing Yellowstone injunction, and further enjoined defendant landlord from taking steps to terminate the lease or from commencing eviction proceedings based upon the second notice to cure during the pendency of the action, unanimously reversed, on the law, with costs and the motion denied.
The purpose of a Yellowstone injunction, which tolls the period in which a tenant may cure a claimed violation of the lease, is for a tenant to avoid forfeiture after a determination against it has been made on the merits, because the tenant will still have an opportunity to cure (Korova Milk Bar of White Plains, Inc. v PRE-Prop. LLC, 70 AD3d 646 [2d Dept 2001]).
A necessary lynchpin of a Yellowstone injunction is that the claimed default is capable of cure. Where the claimed default is not capable of cure, there is no basis for a Yellowstone injunction (166 Enter. Corp. v IG Second Generation Partners, L.P. 81 AD3d 154, 158 [1st Dept 2011]). Here, the claimed defaults are the tenant's failure to procure insurance and improper assignment of the lease. The tenant provides various steps that it will take to cure if it is ultimately found to be in material violation of the insurance provisions of the lease. None of these proposed cures involve any retroactive change in coverage, which means that the alleged defaults raised by the landlord are not susceptible to cure (Three Amigos SJL Rest., Inc. v 250 W. 43rd Owner LLC, 144 AD3d 490, 491 [1st Dept 2016]; see also Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529, 530 [1st Dept 2017]).
With respect to the assignment of the lease, although the tenant has generally stated that it is willing to cure any assignment violation, it does not explain how it will undo the assignment or indicate whether it is willing or able to do so (see Zona, Inc. v Soho Centrale, LLC, 270 AD2d 12, 14 [1st Dept 2000], compare Artcorp Inc. v Citrich Realty Corp, 124 AD3d 545, 546 [1st Dept 2015]). Although some of our decisions have indicated that seeking late consent from the landlord remains a cure in assignment cases, even were that theoretically true, there is no claim made here that this tenant would pursue that cure (see Gettinger Assoc., LLC v Abraham Kamber & Co., LLC, 103 AD3d 535,535 [1st Dept 2013]).
There is an ongoing dispute between the parties regarding whether the landlord's claimed defaults are meritorious, either because they are not really defaults or they are not sufficiently substantial. We do not resolve those disputes. The denial of a Yellowstone injunction does not resolve the underlying merits of disputes about whether there is any default warranting termination of the lease in the first instance. Consequently, it is not necessary to resolve those issues in the context of whether a Yellowstone injunction is warranted. A reversal in this case does not relieve the landlord of proving the bona fides of the claimed default or prevent the tenant from defending itself. These disputes will be resolved either in connection with the complaint and counterclaim in this action or in a subsequently commenced commercial summary holdover proceeding.
We reject the tenant's argument, that even if no Yellowstone injunction is warranted, it is [*2]still entitled to a preliminary injunction. Yellowstone injunctions are available on a far lesser showing than preliminary injunctions (225 E. 36th Street Garage Corp. v 221 E. 36th Owners Corp., 211 AD2d 420, 421 [1st Dept 1995]). Because the Yellowstone injunction fails, the preliminary injunction does as well. In any event, no injunction is needed to preserve the status quo because the landlord cannot evict the tenant unless and until there is a determination of the
merits in the landlord's favor. If the tenant prevails, then there will be no eviction. The right lost by the denial of a Yellowstone injunction is the right to cure any default.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK