Audthan LLC v Nick & Duke, LLC (2020 NY Slip Op 01723)





Audthan LLC v Nick & Duke, LLC


2020 NY Slip Op 01723


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11277N 652050/15

[*1] Audthan LLC, Plaintiff-Respondent,
v
Nick & Duke, LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellant.
Seyfarth Shaw LLP, New York (Owen R. Wolfe of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about August 29, 2018, which, inter alia, granted plaintiff's motion for a Yellowstone injunction, unanimously affirmed, with costs.
The motion court properly awarded plaintiff a Yellowstone injunction, based on its showing that "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999] [internal quotation marks omitted).
While defendant is correct that Yellowstone relief may be denied where a tenant has failed to seek relief during the cure period (see Three Amigos SJL Rest., Inc. v 250 W. 43 Owner LLC, 144 AD3d 490, 491 [1st Dept 2016]), defendant did not establish that the violations in the notice of default could have been cured within one year, particularly in light of the affidavit of plaintiff's property manager attesting to his inability to obtain the violations from the New York City Fire Department to address them after the notice was served (see Village Ctr. for Care v Sligo Realty & Serv. Corp., 95 AD3d 219, 222 [1st Dept 2012]). Furthermore, this Court has permitted tenants such as plaintiff to rely on a longer cure period under the lease where, as here, there is evidence that the cure could not be effected in the shorter period, and that the tenant has made a diligent effort to cure (id.). Since there are questions as to whether the violations in the notice of default are plaintiff's responsibility to cure under the lease, a Yellowstone injunction
was properly granted to maintain the status quo until there is a hearing on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK