U.S. Bank N.A. v Sabloff (2021 NY Slip Op 01284)





U.S. Bank N.A. v Sabloff


2021 NY Slip Op 01284


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-01209
2019-01210
 (Index No. 13944/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Warren Sabloff, appellant, et al., defendants.


Mermel Associates PLLC, Lake Success, NY (Mark D. Mermel of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Heather Elizabeth Saydeh and Jason R. Lipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Warren Sabloff appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered September 18, 2018. The orders, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
On March 28, 2006, the defendant Warren Sabloff (hereinafter the defendant) borrowed the sum of $1,500,000 from nonparty Precision Financial, Inc., and, as security for the loan, gave a mortgage on residential property located in Great Neck. The defendant allegedly defaulted under the terms of the note by failing to make the installment payment due on October 1, 2009. On or about August 12, 2010, the plaintiff, as successor in interest, commenced an action to foreclose the mortgage (hereinafter the 2010 action). The 2010 action was subsequently dismissed pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction.
In November 2013, the plaintiff commenced the instant foreclosure action, again alleging that the defendant defaulted under the terms of the note by failing to make the payment due on October 1, 2009. The defendant answered, asserting as an affirmative defense that the plaintiff failed to give proper notice to cure the alleged mortgage loan default as required by paragraph 22 of the mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted the defendant and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order entered April 14, 2015, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's cross motion. On appeal, this Court modified the Supreme Court's determination and denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant, holding that [*2]the plaintiff failed to demonstrate, prima facie, that the notice of default was delivered to the defendant in accordance with the terms of the mortgage (see U.S. Bank N.A. v Sabloff, 153 AD3d 879).
Thereafter, the plaintiff again moved in the Supreme Court, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, submitting new proof for the purposes of establishing that, on April 10, 2013, it mailed the defendant a 30-day notice of default pursuant to the terms of the mortgage.
The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The defendant argued that the 2013 notice of default was not the operative notice and, therefore, the plaintiff's proof of mailing of that notice was irrelevant. Rather, in the defendant's view, the operative notice of default was the one purportedly sent to him in November 2009, prior to the plaintiff's commencement of the 2010 action. The defendant argued that compliance with paragraph 22 of the mortgage is a condition precedent to acceleration of the mortgage and, since the plaintiff never revoked the acceleration of the mortgage that it effectuated when it commenced the 2010 action, the plaintiff was required to prove, as part of this action, that it mailed the notice of default it purportedly served on him prior to commencing the 2010 action.
The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion, noting that "the terms of the subject mortgage do not prohibit the service of multiple notices of default." The defendant appeals, and we affirm.
Paragraph 22 of the subject mortgage provides, in relevant part, that the lender may not demand "immediate payment in full" of the entire amount then remaining unpaid under the note, unless it has sent the borrower a notice providing the borrower with, inter alia, a period of no less than 30 days in which to cure a purported default under the parties' agreement.
Here, the plaintiff established its prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendant by establishing, as relevant to this appeal, that on April 10, 2013, it served the notice required by paragraph 22 of the mortgage on the defendant (see PennyMac Corp. v Arora, 184 AD3d 652, 655-656).
In opposition, the defendant failed to raise a triable issue of fact. We agree with the Supreme Court that nothing in paragraph 22 or otherwise contained in the subject mortgage prohibits the plaintiff from serving more than one default notice on a borrower, or from making more than one demand for immediate payment in full. Indeed, the service of a second default notice on a borrower is to his or her benefit, since each successive notice effectively extends the borrower's ability to cure the purported default. Accordingly, the notice served on April 10, 2013, was the operative notice for the purpose of the plaintiff's compliance with paragraph 22.
For similar reasons, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Zuckerman v City of New York, 49 NY2d 557, 562).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court