## New Cingular Wireless PCS, LLC v Grand Greene LLC

2024 NY Slip Op 33171(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 655757/2023

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:      HON. NANCY M. BANNON

*Justice*

PART      61M

-------------------------------------------------------------------------------X

NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T
MOBILITY, as successor to CELLULAR TELEPHONE
COMPANY,

Plaintiff,

- v -

GRAND GREENE LLC, as successor to D&R REALTY
CORPORATION,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.      655757/2023

MOTION DATE      05/06/2024

MOTION SEQ. NO.      001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 17, 18, 21, 23, 24, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46

were read on this motion to/for            INJUNCTION/RESTRAINING ORDER            .

In this action for, *inter alia*, breach of contract and a judgment declaring the parties' rights and obligations under a commercial lease dated September 8, 2004 (the "Lease"), the plaintiff, which leases roof space at the defendant landlord's premises at 38-50 Greene Street in Manhattan to house and operate certain of its telecommunications equipment, moves by order to show cause for a *Yellowstone* injunction (First National Stores, Inc. v Yellowstone Shopping Center, Inc., 21 NY2d 630 [1968]). That is, the plaintiff seeks an order staying termination of the Lease and  enjoining the defendant landlord from commencing or continuing any attempts to evict the plaintiff from the leased premises pending determination of the action.  By order dated November 21, 2023, the court (Ostrager, J. [Ret.]) granted a TRO tolling the plaintiff's time to cure the violations of the lease alleged in the defendant's notice of default, staying said notice, and restraining the defendant from taking any further action to terminate the Lease or otherwise recover possession of the property, pending disposition of the plaintiff's motion.  The defendant opposes the motion.  The motion is granted.

On August 24, 2023, the defendant attempted to send the plaintiff a "Notice of Default and to Cure" under the Lease (the "Default Notice").  The Default Notice asserted the plaintiff

655757/2023   NEW CINGULAR WIRELESS PCS, LLC D/B/A AT&T MOBILITY, AS SUCCESSOR
TO CELLULAR TELEPHONE COMPANY vs. GRAND GREENE LLC, AS SUCCESSOR TO D&R
REALTY CORPORATION
Motion No.  001

Page 1 of 5

had breached the Lease due to structural issues caused by its having affixed its equipment, over twenty (20) years prior, to a water tower on the roof of the subject premises. The Default Notice provided that, pursuant to Section 15 of the Lease, the plaintiff had forty-five (45) days to cure its default, which cure period would expire on October 16, 2023.

The Default Notice was mailed to two addresses provided in Section 17 of the original 2004 Lease for service of notice to the plaintiff. However, those two addresses were no longer current, as the plaintiff had formally changed its notice addresses, as also provided for in Section 17, on at least two occasions since the original execution of the Lease—once in May 2008 and again June 2013—with explicit, written instructions for the defendant to send all legal notices relating to the Lease to the new addresses provided.[1]  See NYSCEF Doc. No. 9 (plaintiff's change of address notices). Consequently, the Default Notices were not received by the plaintiff at any of the proper addresses for service of notice under the Lease. The plaintiff nevertheless learned of the Default Notice because a copy was also sent to Ford Law Firm LLP, which was representing the plaintiff in related negotiations with the defendant. Notably, though, the Ford Law Firm was never designated as a notice address for the plaintiff under the Lease.

On October 17, 2023, one of the Default Notices sent to the plaintiff's two outdated addresses was returned to the defendant as undelivered. The same day, the defendant attempted to send the plaintiff a "Notice of Cancellation and Termination" of the Lease (the "Termination Notice"). The Termination Notice was mailed to the same two outdated notice addresses to which the Default Notice was sent. The plaintiff thereafter commenced this action and filed the present motion for a *Yellowstone* injunction in November 2023.

The purpose of a *Yellowstone* injunction is to maintain the *status quo* so that the tenant served with a notice to cure an alleged lease violation may challenge the propriety of the landlord's notice while protecting a valuable leasehold interest. See Garland v Titan W. Assocs., 147 AD2d 304 (1st Dept. 1989), citing First National Stores, Inc. v Yellowstone Shopping Center, Inc., supra. The grant of *Yellowstone* relief tolls the running of the cure period so that in the event of an adverse determination on the merits the tenant may still cure the defect and avoid a

---

[1] The plaintiff submits the affirmation of Joseph D'Alto, one of its Senior Real Estate and Construction Managers, in support of its motion, in which D'Alto claims the plaintiff changed its notice address a third time in July 2019, but unlike the prior two address changes, the plaintiff does not submit a written change of address notice to corroborate this allegation.

**655757/2023   NEW CINGULAR WIRELESS PCS, LLC D/B/A AT&T MOBILITY, AS SUCCESSOR**     **Page 2 of 5**
**TO CELLULAR TELEPHONE COMPANY vs. GRAND GREENE LLC, AS SUCCESSOR TO D&R**
**REALTY CORPORATION**
**Motion No.  001**

lease forfeiture. See Post v 120 E. End Ave. Corp., 62 NY2d 19 (1984). When granting a *Yellowstone* injunction, courts have generally accepted less than the showing normally required for the grant of preliminary injunctive relief. See id.

The applicant for a *Yellowstone* injunction must establish that, "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises." Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 (1999), quoting 225 E. 36th Street Garage Corp. v 221 E. 36th Owners Corp., 211 AD2d 420, 421 (1st Dept. 1995). "These standards reflect and reinforce the limited purpose of a Yellowstone injunction: to stop the running of the applicable cure period." Id. As such, it has further been held that a *Yellowstone* injunction is inappropriate where the cure period has expired. See 166 Enterprises Corp. v I G Second Generation Partners, L.P., 81 AD3d 154 (1st Dept. 2011). Moreover, it is well settled that a plaintiff need not admit responsibility for the alleged default set forth in a notice to cure in order to establish entitlement to relief under *Yellowstone*, provided that the plaintiff remains willing and able to cure, should a default be found. See Artcorp Inc. v Citirich Realty Corp., 124 AD3d 545 (1st Dept. 2015); Boi To Go, Inc. v Second 800 No. 2 LLC, 58 AD3d 482 (1st Dept. 2009).

Here, it is undisputed that the plaintiff holds a commercial lease. Further, although the plaintiff challenges the propriety and effectiveness of the defendant's service of its Default Notice, it is similarly undisputed that the defendant has attempted to serve the plaintiff with a notice of default, a notice to cure, and a threat of lease termination. As to the third element, the court rejects the defendant's contention that the plaintiff's present motion for injunctive relief, filed in November 2023, is untimely because the plaintiff's time to cure expired on October 16, 2023, and the Lease was terminated on October 17, 2023.

Pursuant to Section 17 of the Lease, all notices to a counterparty must be sent to the address(es) expressly provided therein for such purpose, but a party "may change the place for the giving of notice to it" by providing the other party written notification of its change of address. Section 17 further provides that all notices under the Lease are "effective when properly sent and received, refused or returned undelivered." Here, the plaintiff demonstrates it provided the

**655757/2023   NEW CINGULAR WIRELESS PCS, LLC D/B/A AT&T MOBILITY, AS SUCCESSOR**          Page 3 of 5
**TO CELLULAR TELEPHONE COMPANY vs. GRAND GREENE LLC, AS SUCCESSOR TO D&R**
**REALTY CORPORATION**
**Motion No.  001**

[* 3]                                                 3 of 5

defendant written notice of a change of address for notice to it under the Lease on at least two occasions—in May 2008 and June 2013. Indeed, the plaintiff further demonstrates that the defendant previously used the new address indicated in the plaintiff's May 2008 address change to formally communicate with the plaintiff concerning the Lease. See NYSCEF Doc. No. 10. As such, the Default Notice purportedly sent to the plaintiff on August 24, 2023, was defective, as it was not sent to the plaintiff at any of the proper, current addresses for service of notice, as required under the Lease. See E. 4th St. Garage, Inc. v L.B. Mgmt. Co., 172 AD2d 292, 292–93 (1st Dept. 1991) (notice of default that deviated from notice provisions in the lease was ineffective). For the same reason, the copy of the Default Notice sent to the Ford Law Firm likewise did not constitute effective service of the notice pursuant to the express terms of the Lease. Pursuant to the express terms of the Lease, the Default Notice did not become effective, and thus did not trigger the commencement of the plaintiff's forty-five (45) day cure period, until October 17, 2023, when one of the defectively addressed Default Notices was returned to the defendant undelivered. The plaintiff's cure period thus would not have expired until December 1, 2023, after the filing of the present motion. Moreover, given that the cure period did not commence until October 17, 2023, the Termination Notice dated the same day was premature and ineffective. See Empire State Bldg. Assocs. v Trump Empire State Partners, 245 AD2d 225, 229 (1st Dept. 1997) (notice of termination served "before the expiration of the operable cure period . . . was obviously ineffective").

Finally, with respect to the fourth element, the plaintiff has sufficiently demonstrated that it remains willing to cure the alleged default, should such a default ultimately be found, by any means short of vacating the premises. See Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., supra. The plaintiff denies that it is in default of the Lease, asserting that there is no default; the structural issues alleged by the defendant are contrived or else not caused by the placement of the plaintiff's equipment; and it is the defendant's obligation under the Lease to ensure the subject structure can continue to support the plaintiff's equipment, and thus the defendant's responsibility to "cure" any alleged structural defect. Nevertheless, the plaintiff maintains that, should the court ultimately determine that it is in default, it is willing and able to cure the alleged default by relocating the subject water tower and/or the equipment affixed thereto "avoid the harm caused by being forced to vacate the premises."

Accordingly, upon the foregoing papers, it is

**655757/2023 NEW CINGULAR WIRELESS PCS, LLC D/B/A AT&T MOBILITY, AS SUCCESSOR TO CELLULAR TELEPHONE COMPANY vs. GRAND GREENE LLC, AS SUCCESSOR TO D&R REALTY CORPORATION**
**Motion No. 001**

Page 4 of 5

4 of 5

ORDERED that the plaintiff's motion for a *Yellowstone* injunction is granted; and it is further

ORDERED that, pending final adjudication of this matter, the defendant is hereby enjoined and restrained from terminating or cancelling the plaintiff's lease or from taking any further action to evict the plaintiff from the premises based upon the grounds alleged in the defendant's Notice of Default and to Cure, dated August 24, 2023, and the plaintiff's time to cure the alleged defaults under the Lease is hereby tolled; and it is further

ORDERED that the defendant shall serve and file an answer to the complaint within twenty (20) days after service of a copy of this order with notice of entry; and it is further

ORDERED that the parties shall appear for a preliminary conference on November 7, 2024, at 12:30 p.m., to be conducted via Microsoft Teams; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| _____9/6/2024_____ | | | | |
| DATE | | | NANCY M. BANNON, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655757/2023   NEW CINGULAR WIRELESS PCS, LLC D/B/A AT&T MOBILITY, AS SUCCESSOR TO CELLULAR TELEPHONE COMPANY vs. GRAND GREENE LLC, AS SUCCESSOR TO D&R REALTY CORPORATION**
**Motion No.  001**

Page 5 of 5

5 of 5