Dali NYC LLC v Shay (2024 NY Slip Op 05484)

Dali NYC LLC v Shay

2024 NY Slip Op 05484

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 159605/23 Appeal No. 2981 Case No. 2024-02438 

[*1]Dali NYC LLC, Plaintiff-Appellant,
v
Elaine Shay etc., Defendant-Respondent.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Nadel & Ciarlo, P.C., New York (Michael J. Ciarlo of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J), entered on or about March 6, 2024, which denied plaintiff tenant's motion for a Yellowstone injunction and granted the cross-motion of defendant landlord/receiver to dismiss the complaint, unanimously affirmed, without costs.
This appeal stems from tenant's pursuit of a Yellowstone injunction following a notice to cure in which landlord alleged that tenant: failed to obtain and/or maintain the appropriate personal and property liability insurance required by the lease; failed to obtain final New York City Department of Buildings (DOB) signoffs for renovations; and illegally used and occupied the premises' mezzanine level.
The party seeking a Yellowstone injunction must show that: "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 N.Y.2d 508, 514 [1999] [internal quotation marks omitted]). A tenant is generally not entitled to a Yellowstone injunction after the cure period has expired (see Three Amigos SJL Rest., Inc. v 250 W. 43 Owner LLC, 144 AD3d 490, 491 [1st Dept 2016]).
Here, tenant untimely commenced this action after the cure period's expiration. Even if the action were timely commenced under the general extended cure period relating to some of the alleged defaults, tenant did not meet the requirements for a Yellowstone injunction as to the insurance default. Article 43 of the lease rider required tenant to obtain comprehensive general liability insurance coverage "with limits of at least $2,000,000 for bodily injury or death and $2,000,000 for property damage." Tenant demonstrated that it obtained coverage of $1,000,000 per occurrence for personal injury and 100,000 per occurrence for property damage, plus a $1 million excess policy, significantly less than its obligations pursuant to the lease. Further, tenant did not show any attempt to obtain compliant retroactive coverage for the year at issue, and the failure to maintain the required insurance coverage is an incurable defect for Yellowstone purposes (see Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 401 [1st Dept 2019] [finding that because "[n]one of [tenant's] proposed cures involve any retroactive change in coverage . . . the alleged defaults raised by the landlord are not susceptible to cure"]; see also Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529, 530 [1st Dept 2017]).
Tenant does not point to any language in the lease that renders the policy requirements ambiguous, therefore its reliance on Booston LLC v 35 W. Realty Co., LLC (213 AD3d 553, 554 [1st Dept 2023], lv denied 40 NY3d 909 [2024]) is misplaced.
We have considered [*2]tenant's remaining arguments and, given our finding that tenant was not entitled to a Yellowstone injunction because it could not cure its failure to maintain the required insurance coverage, we need not address them (see e.g. Kyung Sik Kim v Idylwood, N.Y., LLC, 66 AD3d 528, 529 [1st Dept 2009] [determining that tenants' failure to continuously maintain insurance coverage as per their lease amounted to an "an incurable violation that is an independent basis for the denial of Yellowstone relief," and consequently declining to address the tenant's other arguments]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024