242 Tenth Invs. LP v GVC 242 Tenth Sponsor, LLC (2025 NY Slip Op 06540)

242 Tenth Invs. LP v GVC 242 Tenth Sponsor, LLC

2025 NY Slip Op 06540

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 651242/21|Appeal No. 5224|Case No. 2024-06715|

[*1]242 Tenth Investors LP, Appellant,
v
GVC 242 Tenth Sponsor, LLC, et al., Respondents.

Shook, Hardy & Bacon L.L.P., New York (Daniel Robertson of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Jonathan E. Temchin of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about October 22, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its causes of action for declaratory judgment/injunctive relief (first cause of action) and breach of contract (third cause of action), granted the motion of defendants GVC 242 Tenth Sponsor, LLC (the Sponsor) and GVC 242 Tenth Sponsor Inv LLC (Sponsor Inv, and together with the Sponsor, defendants) for summary judgment dismissing the complaint, and declared that removal of the Sponsor as general partner of the partnership was invalid and void, unanimously modified, on the law, to vacate so much of the order as granted defendants' motion to dismiss the first and third causes of action, so much of the order as denied plaintiff's motion for summary judgment, and so much of the order as declared that the removal of the Sponsor as general partner was invalid and void; to reinstate the first and third causes of action with the limitation that the third cause of action shall not seek monetary damages other than for nominal damages and an award of counsel fees if plaintiff prevails on the first cause of action; to remand for further proceedings on the summary judgment motions with respect to the reinstated causes of action, and otherwise affirmed, without costs.
The parties were members of a partnership, 242 Tenth Holdings, LP, under the terms of a limited partnership agreement (the LPA), with the Sponsor as the general partner and the Sponsor Inv as the limited partner. In the LPA, the parties agreed to renovate and operate residential portions of a mixed-use building that the partnership purchased. During the negotiations for the LPA, the parties agreed that the construction budget for the renovations would be $576,870. In January 2020, the Sponsor unilaterally decided to expand the scope of renovations to add a "substantial rehabilitation" that would bring the total renovation cost to over $1.1 million. Although the Sponsor claims that it informed or otherwise coordinated with plaintiff as to this change, the parties dispute whether the Sponsor provided adequate updates and whether it sought and obtained any required investor approvals for the expanded project. In January 2021, plaintiff sent a removal notice to the Sponsor, invoking its right under the LPA to remove the Sponsor as general partner on the basis that the Sponsor breached the terms of the LPA. However, the Sponsor refused to recognize the removal notice.
Supreme Court should not have granted defendants' motion dismissing the cause of action for declaratory/injunctive relief, in which plaintiffs sought a declaration that the removal of the Sponsor as general partner of the parties' partnership was valid and enforceable. The record does not support the finding that the removal was invalid as a matter of law. Although the removal notice was arguably untimely pursuant to the terms of the LPA, the Sponsor received actual written notice by email within the prescribed notice period, and written notice by certified mail only four days after the notice period expired. In addition, defendants failed to show they experienced any prejudice from the timing and manner of the delivery (see AT&T Mobility Holdings B.V. v Grupo Salinas Telecom, S.A. de CV, 235 AD3d 401, 402 [1st Dept 2025]; Northgate Elec. Corp. v Barr & Barr, Inc., 61 AD3d 467, 468-469 [1st Dept 2009]; see also Miracle NY Props. LLC v Nayber, 18 LLC, 239 AD3d 483, 484 [1st Dept 2025]).
Plaintiff's failure to satisfy the contractual provision requiring, as a condition for removal, that plaintiff either secure the release of all the Sponsor's loan guarantors from their guaranties or cause a creditworthy indemnitor to indemnify the guarantors does not render the removal void as a matter of law. Triable issues exist as to whether the Sponsor's blanket refusals to cooperate in its removal and in any related transition issues — which apparently included plaintiff's efforts to vindicate the loan guaranties, as well as the Sponsor's statement to plaintiff that it had no right to speak to any lenders — had a direct impact on plaintiff's ability to fulfill the condition precedent to completing the removal.
Moreover, the Sponsor is not entitled to summary judgment on the basis that plaintiff did not satisfy the LPA's requirement, found in section 11.1(e), that the Sponsor be provided with a 30-day "opportunity to cure" its defaults. The alleged breaches relating to the Sponsor's undertaking a substantial rehabilitation of the property without plaintiff's approval were not breaches that could have been cured at the time the removal notice was sent, as evinced by the fact that the renovations were largely complete and the partnership's funds were already spent by that time (see East Empire Constr. Inc. v Borough Constr. Group LLC, 200 AD3d 1, 6 [1st Dept 2021]). These breaches are not the type that can reasonably be found subject to cure based merely on the speculation that the Sponsor might have been able to obtain retroactive investor approval for completed renovations (see Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 402 [1st Dept 2019]; Zoha, Inc. v Soho Centrale, 270 AD2d 12 [1st Dept 2000]). This conclusion holds especially true because the evidence showed that the Sponsor, during the period after which the removal notice was sent and before it became effective, denied any breach, did not seek retroactive approval, and made clear that it had no intention of refunding the renovation expenditures.
As to the cause of action for breach of contract, plaintiff has represented that the cause of action was alleged to obtain the declaratory relief sought and not to recover monetary damages beyond any nominal damages and an award of prevailing party counsel fees. Therefore, the cause of action for breach of contract is reinstated only for the limited purpose of recovering nominal damages and counsel fees to the extent plaintiff prevails on the declaratory judgment/injunctive relief cause of action, not for recovery of monetary damages resulting from alleged breaches by the Sponsor.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025