■ VB Management, Inc., Respondent, v AD 1619 Company, L. L. C., Appellant. [681 NYS2d 257] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 20, 1998, which declared that plaintiff tenant is in compliance with the insurance requirements of the subject commercial lease, enjoined defendant landlord from canceling the lease, and enjoined defendant from serving any further notices to cure upon plaintiff without prior court approval, unanimously modified, on the law and the facts, to require prior court approval only for future notices to cure as are based on defaults set forth in defendant's prior notices to cure, and otherwise affirmed, without costs.

Although the lease provides for a 12-day cure period, it also provides for an unspecified longer period to cure for defaults not capable of complete cure within 12 days, upon condition that the tenant commence curing within the 12-day period and thereafter proceed with good faith and diligence. We agree with the IAS Court that no issue of fact exists as to plaintiff's

compliance with this good faith/diligence requirement, and also agree that plaintiff has cured the alleged default by bringing itself into compliance with all the insurance provisions of the lease. However, the portion of the order requiring defendant to obtain court approval before serving any future notices to cure is overbroad to the extent it enjoins defendant from terminating the lease on grounds not set forth in prior notices to cure (see, *Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.*, 211 AD2d 534, 536), and we modify accordingly. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.