JDM Wash. St. LLC v 90 Wash. St., LLC (2021 NY Slip Op 07514)





JDM Wash. St. LLC v 90 Wash. St., LLC


2021 NY Slip Op 07514


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 156220/21, 161333/19 Appeal No. 14936-14937 Case No. 2021-03102, 2020-04678 

[*1]JDM Washington Street LLC, Plaintiff-Appellant-Respondent,
v
90 Washington Street, LLC, et al., Defendants-Respondents-Appellants, Fannie Mae, Defendant-Respondent.
JDM Washington Street LLC, Plaintiff-Appellant-Respondent,
v
90 Washington Street, LLC, et al., Defendants-Respondents-Appellants.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant-respondent.
Akerman LLP, New York (Joshua D. Bernstein of counsel), for respondents-appellants.
Arent Fox LLP, New York (Jackson D. Toof of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about October 27, 2020, which, inter alia, granted plaintiff a Yellowstone injunction until April 30, 2021, unanimously modified, on the law, to extend the injunction to last until a determination on the merits of the action, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about August 20, 2021, which, interalia, granted plaintiff a Yellowstone injunction through February 4, 2022, but denied the application with respect to any conditions relating to the subject building's faÇade, denied plaintiff's application to preliminarily enjoin Fannie Mae from foreclosing on the subject leasehold mortgage, and denied Landlord's cross motion to dismiss the complaint, unanimously modified, on the law, to extend the Yellowstone injunction until a determination is made on the merits of the action, and to cover all alleged defaults in the predicate notice, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiff a Yellowstone injunction in the first action (Case No. 2020-04678), since plaintiff made the requisite showing that "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999], quoting 225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp., 211 AD2d 420, 421 [1st Dept 1995]). Although Landlord disputes the effectiveness of plaintiff's remediation work, this merely raises issues of fact which are not properly resolved on a Yellowstone application (see Boi to Go, Inc. v Second 800 No. 2 LLC, 58 AD3d 482, 482 [1st Dept 2009]; Tag 380 v Sprint Spectrum, 290 AD2d 404, 404-405 [1st Dept 2002]). We modify to extend the duration of the injunction pending a determination on the merits of the action (see Garland v Titan W. Assoc., 147 AD2d 304, 308 [1st Dept 1989]). In that regard, we note that issues of fact exist as to whether plaintiff's time to cure has expired, based upon Section 18.01(c) of the subject Lease, which automatically extends plaintiff's time to cure for the amount of time reasonably needed to effect the cure, provided that plaintiff is proceeding with due diligence. We have considered and reject Landlord's arguments that plaintiff waived or is otherwise foreclosed from raising arguments relating to the duration of the injunction and the expiration of the cure period.
The disposition of the appeal in Case No. 2020-04678 largely informs the disposition of the appeal in Case No. 2021-03102. Thus, we modify the order in the second appeal, which by its terms grants a partial Yellowstone injunction to February [*2]4, 2022, to extend the injunction pending a determination on the merits (see Garland, 147 AD2d at 308). Moreover, because issues of fact exist as to whether plaintiff's time to cure the alleged faÇade defaults has expired, we further modify the second order to expand the scope of the Yellowstone injunction to cover all alleged defaults, including those relating to the faÇade.
Landlord's contention that plaintiff may not seek Yellowstone relief in two separate actions for the same set of defaults is unavailing. While the Yellowstone injunction in the second (2021) action is largely duplicative of the injunction in place for the duration of the first (2019) action, simplicity and consistency support extension of the Yellowstone injunction in the 2021 action pending a determination on the merits of that case.
Landlord contends that plaintiff has no right under the Lease to cure the defaults listed in the notice issued in the 2021 Action, which was addressed to Fannie Mae as secured lender under the leasehold mortgage. Landlord argues therefore that, since plaintiff has no right to cure, it is not entitled to Yellowstone relief, which would only extend the time to cure of a party entitled to do so. Landlord's argument is unpersuasive. In the first place, the Lender Notice is premised entirely on the notion that plaintiff has definitively failed to cure. The Lender Notice gives Fannie Mae one last chance to step in and cure in its own right. However, there has not yet been a determination that plaintiff has failed to cure, an issue which will be decided in the 2019 Action. Accordingly, the Lender Notice lacks independent force; it presumes a final default which has not yet been determined to have occurred. In any event, Landlord asserts that the defaults underlying both notices are the same. Plaintiff remains in possession of the premises and by its account continues to work to effect a cure. Regardless of whether plaintiff or Fannie Mae effects a cure, Landlord can hardly claim that the Lender Notice would continue to be viable if the alleged defaults are adjudicated to have been cured. Under these circumstances, to deprive plaintiff of Yellowstone relief in the 2021 Action would needlessly elevate the form of the Lease over the substance of the factual allegations.
Finally, we note that Fannie Mae cannot colorably seek foreclosure at this time, since there has been no determination that plaintiff defaulted under the Lease. Accordingly, we decline to disturb the motion court's exercise of discretion to decline to preliminarily enjoin Fannie Mae from seeking foreclosure. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021