## Wiener Realty Mgt., LLC v One Penn Plaza LLC

2024 NY Slip Op 31909(U)

June 3, 2024

Supreme Court, New York County

Docket Number: Index No. 162194/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

-------------------------------------------------------------------------------X

WIENER REALTY MANAGEMENT, LLC,

Plaintiff,

- v -

ONE PENN PLAZA LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 38M |
| INDEX NO. | 162194/2023 |
| MOTION DATE | 12/19/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 34

were read on this motion for            INJUNCTION/RESTRAINING ORDER            .

LOUIS L. NOCK, J.S.C.

Plaintiff tenant commenced this lawsuit against defendant landlord seeking a *Yellowstone* injunction to prevent defendant from terminating its leasehold, specifically portions of the 39th and 40th floors of the building located at One Penn Plaza, New York, New York (the "Premises") (lease, NYSCEF Doc. No. 9 at 5; fourth amendment of lease, NYSCEF Doc. No. 10 at 1-2). The court issued a temporary restraining order, barring defendant from "terminating Plaintiff's tenancy and/or from taking any action to disturb Plaintiff's occupancy of the premises, including but not limited to, commencing summary proceedings to cancel or terminate Plaintiff's tenancy and/or occupancy based on the Notice [of Default]" pending the hearing of plaintiff's motion (order to show cause, NYSCEF Doc. No. 18 at 2). The court now grants the motion for a *Yellowstone* injunction, as set forth in the following memorandum.

## Background

The lease provides, among other things, that "[i]f the Premises . . . shall be damaged by fire or other casualty . . . the damage . . . shall be diligently repaired by and at the expense of

**162194/2023   WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

Page 1 of 7

[* 1]

Landlord to substantially the condition prior to the damage (lease, NYSCEF Doc. No. 18, § 10.1 [A]).  Plaintiff is also entitled to a rent reduction "in the proportion which the area of the part of the Premises which is not useable by Tenant and is actually not used by Tenant bears to the total area of the Premises immediately prior to such casualty" (*id.*).  Later on, the lease provides that:

> If due to any work or installation performed by Landlord hereunder or failure by Landlord to perform its obligations hereunder (other than by reason of Unavoidable Delays, (i) Tenant shall-be unable for at least ten (10) consecutive days to operate its business in the Premises in substantially the same manner as such business was operated prior to the performance of such work or installation or such failure, (ii) such interruption shall occur during business hours, and (iii) Tenant shall have been unable, after using reasonable efforts, to relocate its employees and property located in that portion of the Premises which is the subject of such work or installation or such failure so as to have been able to have continued so to operate its business, the Fixed Rent and the Escalation Rent shall be reduced on a per diem basis in the proportion in which the area of the portion of the Premises which is unusable bears to the total area of the Premises for each day subsequent to the aforesaid ten (10) day period that such portion of the Premises remains unusable.

(*Id.*, § 14.2.)

On June 26, 2023, plaintiff asserts that a sewage line of the building burst inside plaintiff's file room, spreading raw sewage throughout the premises, causing extensive damage and "noxious odors" (Wiener aff., NYSCEF Doc. No. 4, ¶¶ 11-13).  While defendant repaired the damaged line, plaintiff asserts that dangerous concentrations of various bacteria remain in various locations, particularly in the file room, which plaintiff states is the hub of its business (*id.*, ¶¶ 10, 15-19; laboratory report, NYSCEF Doc. No. 13).  Defendant has refused to "take steps to further sanitize the Premises, investigate what other bacteria is lurking in the ceiling above the 39th floor, and replace tiles and carpeting" (Weiner aff., NYSCEF Doc. No. 4, ¶ 18).  Further, a project to replace the exterior windows for the building provided additional interruption to plaintiff's business (*id.*, ¶¶ 23-24).  Because of these interruptions, and some payments that plaintiff states defendant will not credit to the arrears, plaintiff disputes the

**162194/2023   WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

**Page 2 of 7**

2 of 7

amount owed in the notice of default that sparked this litigation (*id.*, ¶¶ 25-27). For purposes of obtaining a *Yellowstone* injunction, plaintiff asserts its willingness to obtain a bond for the disputed rent arrears, and pay ongoing rent from January 1, 2024, to maintain the *status quo* (*id.*, ¶ 27).

Defendant disputes plaintiff's narrative as to the cause of the asserted rent arrears, stating that plaintiff failed to pay the rent on the Premises beginning on May 5, 2020, totaling $2,167,895.83 as of December 1, 2023 (Weiss aff., NYSCEF Doc. No. 21, ¶ 3). The notice of default served by defendant, however, lists the first missed payment of base rent as June 1, 2023 (notice of default, NYSCEF Doc. No. 6 at 9). The charges accrued prior to then are additional rent in the form of real estate tax escalations, operating payments, and *de minimus* charges for key cards, sales tax, and trash services (*id.* at 5-11). The notice further provides that the full amount must be paid by December 20, 2023, in order to cure the default (*id.* at 1). Defendant also disputes the nature and extent of the leak in the Premises, and the length of disruption caused by the window replacement project (Weiss aff., NYSCEF Doc. No. 21, ¶¶ 7-12).

**Standard of Review**

"The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of a lease to obtain a stay tolling the running of the statutory cure period so that, after a determination of the merits of any action arising under the lease, the tenant may cure the defect and avoid a forfeiture of the leasehold" (*Hempstead Video, Inc. v 363 Rockaway Assocs., LLP*, 38 AD3d 838, 838-39 [2d Dept 2007] [internal citations omitted]). "The tenant need only demonstrate that (1) it holds a lease; (2) it received a notice of default, notice to cure, or threat to terminate the lease; (3) it requested injunctive relief prior to the termination of the lease or expiration of the cure period; and (4) it is prepared to cure the alleged default by any means short

**162194/2023   WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

**Page 3 of 7**

of vacating the premises" (*Elite Wine & Spirit LLC v Michelangelo Preserv. LLC*, 213 AD3d 143, 148 [1st Dept 2023]). "Once the tenant establishes these elements, the motion court may exercise its discretion to issue a Yellowstone injunction tolling the tenant's time to cure" (*id.*). "In keeping with public policy against forfeiture, courts grant Yellowstone relief on far less than the normal showing required for preliminary injunctive relief" (*id.* [internal quotation marks and citations omitted]). Issues of fact related to the elements of the claim "are not properly resolved on a *Yellowstone* application" (*JDM Washington St. LLC v 90 Washington St., LLC*, 200 AD3d 612 [1st Dept 2021]).

**Discussion**

There is no dispute as to the first three elements of a successful *Yellowstone* application. Plaintiff has a lease (lease, NYSCEF Doc. No. 9 at 5; fourth amendment of lease, NYSCEF Doc. No. 10 at 1-2), plaintiff received a notice of default requiring a cure by December 20, 2023 (notice of default, NYSCEF Doc. No. 6 at 9), and plaintiff commenced this action seeking a *Yellowstone* injunction on December 19, 2023, prior to the expiration of the cure period. There remains the question of whether tenant "is prepared to cure the alleged default by any means short of vacating the premises" (*Elite Wine & Spirit LLC*, 213 AD3d at 148). The alleged default is plaintiff's failure to pay rent. Plaintiff represented in its papers, and again during oral argument, that it was willing to obtain a bond for the amount sought in the notice of default, and pay the rent from January 1, 2024, onwards, in order to maintain the *status quo* (Wiener aff., NYSCEF Doc. No. 4, ¶ 27; transcript of proceedings, NYSCEF Doc. No. 34 at 10). The court finds this sufficient to satisfy the last remaining element of the claim for *Yellowstone* relief.

Defendant takes the position that there is no dispute that plaintiff has withheld the payment of rent, which is the essence of the noticed default, and that, as a result, the *Yellowstone*

162194/2023 WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC
Motion No. 001

Page 4 of 7

[* 4]

motion should be denied on the ground that there is no real dispute by plaintiff regarding the default. But the record before the court establishes several relevant disputes regarding the nature and extent of the casualty effecting the Premises which, as plaintiff posits:

> The Notice improperly seeks rent amounts which are required to be reduced based on a casualty that occurred at the Premises on June 26, 2023 and based on interference with its business during the replacement of windows at the Premises. The Notice also improperly seeks payment of Operating Payments which have been disputed and seeks sums which have already been paid. as well as defendant's efforts to comply with its obligation under the lease to remediate the casualty.

(NYSCEF Doc. No. 5 at 1.)

These issues cannot be resolved on the application, and must await future determination (*JDM Washington St. LLC*, 200 AD3d at 612).

Defendant also argues that any *Yellowstone* relief should be conditioned on plaintiff immediately paying landlord the amount of any uncontested rent listed in the notice of default, and paying use and occupancy *pendente lite*. Plaintiff has already expressed willingness to pay the ongoing rent from January 1, 2024. As to the outstanding rent, the court exercises its discretion to require plaintiff to obtain a bond for the amount of $1,942,235.60, which defendant stated during argument was the amount outstanding as of January 25, 2024 (transcript of proceedings, NYSCEF Doc. No. 34 at 9). Defendant relies on *Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating, Inc.* (205 AD2d 421 [1st Dept 1994]), in which the Appellate Division, First Department, granted a *Yellowstone* application conditioned on payment of the outstanding rent directly to the landlord (*id.* at 424). In that case, however, a new landlord attempted to assess 30 years of uncharged electrical costs and then sued the tenant after the tenant refused to pay, at which point the tenant stopped paying the rent (*id.* at 422). The amount of the unpaid rent, and the tenant's obligation to pay it, was never in dispute. The court noted this, directing that the amount of the disputed electrical charges be held in escrow but directing

**162194/2023  WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

**Page 5 of 7**

payment of the rent to plaintiff (*id.* at 424).  Here, by contrast, the amount of the rent and plaintiff's obligation to pay it, are in dispute.

Accordingly, it is hereby

ORDERED that plaintiff's motion for a *Yellowstone* injunction is granted upon the conditions set forth below; and it is, accordingly,

ORDERED that defendant, its agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendant, are enjoined and restrained, during the pendency of this action, from doing or suffering to be done, directly or through any attorney, agent, servant, employee or other person under the supervision or control of defendant or otherwise, any of the following acts:

1. Terminating the tenancy and Lease of Plaintiff in and to the premises located at a portion of the 39th and 40 Floors located at One Penn Plaza, New York, NY 10119 (the "Premises")

2. Commencing any proceeding based on the Notice of Default dated December 4, 2023 ("Notice")

3. Instituting any summary proceeding to the Civil Court of the City of New York or otherwise attempting to recover possession of the said Premises based on the Notice during the pendency of this action; and it is further

ORDERED that the time for plaintiff to cure the defaults alleged in the Notice is tolled during the pendency of this action; and it is further

ORDERED that plaintiff shall obtain a bond for the sum of $1,942,235.60 – that being the sum of rental arrears as provided by defendant as of January 25, 2024; and it is further

ORDERED that plaintiff shall pay directly to defendant the sum of $1,330,250.60, the amount of the monthly rent from January through May 2024, within 30 days of service of a copy of this order with notice of entry; and it is further

**162194/2023   WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

ORDERED that plaintiff shall pay directly to defendant the sum of $532,100.24, the amount of the monthly rent from June through July 2025, within 60 days of service of a copy of this order with notice of entry; and it is further

ORDERED that plaintiff must pay defendant all future use and occupancy on the fifth of each month, beginning August 5, 2024, at the rate of $266,050.12 per month; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Room 1166, 111 Centre Street, New York, New York on June 12, 2024, at 2:15 PM. Prior to the conference, the parties shall meet and confer regarding discovery and, in lieu of appearing at the conference, may submit a proposed preliminary conference order, in a form that substantially conforms to the court's form Commercial Division Preliminary Conference Order located at https://ww2.nycourts.gov/courts/1jd/supctmanh/preliminary_conf_forms.shtml, to the Principal Court Attorney of this Part (Part 38) at ssyaggy@nycourts.gov.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 6/3/2024 | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|
| DATE | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**162194/2023   WIENER REALTY MANAGEMENT, LLC vs. ONE PENN PLAZA LLC**
**Motion No.  001**

Page 7 of 7

7 of 7