1711 Boone Ave. LLC v Alhudais (2024 NY Slip Op 51449(U))

[*1]

1711 Boone Ave. LLC v Alhudais

2024 NY Slip Op 51449(U)

Decided on October 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

&em;

1711 Boone Avenue LLC, Petitioner-Landlord-Appellant, 
against
Eisa Alhudais d/b/a "Deli Grocery", Respondent-Tenant-Respondent, and Sanaa Fine Deli Corp. and IBB Gourmet Deli Corp., Respondents-Respondents, and "John Doe" and "ABC Corp.," Respondents.

Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Betty Lugo, J.), entered January 22, 2024, which denied its motion for summary judgment of possession, to amend the petition, to dismiss tenant's affirmative defense alleging improper service of the notice to cure and for use and occupancy, in a summary holdover proceeding.

Per Curiam.
Order (Betty Lugo, J.), entered January 22, 2024, modified to grant landlord's motion to amend the petition and to dismiss tenant's affirmative defense alleging improper service of the notice to cure; as modified, order affirmed, without costs.
Landlord's motion for summary judgment of possession was properly denied. Although the lease provides for a 15-day cure period, it also provides for an unspecified longer period to cure defaults not capable of cure within 15 days, upon condition that tenant commence curing within the 15-day period and thereafter proceed with good faith and diligence (see i.e. Elite Wine & Spirit LLC v Michelangelo Preserv. LLC, 213 AD3d 143, 148-149 [2023] ["The lease provides an indefinite cure period where the alleged default cannot reasonably be remedied [*2]within the base 20-day cure period and tenant has demonstrated a good faith effort to remedy the default"]; see also Becker Parkin Dental Supply Co. v 450 Westside Partners, 284 AD2d 112 [2001]). 
We agree with Civil Court that issues of fact remain outstanding as to tenant's compliance with the good faith/diligence requirement (see VB Mgt. v AD 1619 Co., 256 AD2d 84 [1989], lv denied 93 NY2d 810 [1999]; see generally JDM Wash. St. LLC v 90 Wash. St., LLC, 200 AD3d 612, 613 [2021]; Village Ctr. for Care v Sligo Realty & Serv. Corp., 95 AD3d 219, 223 [2012]) and whether other defaults listed in the 15-day notice have actually been cured by tenant.
However, Civil Court should have granted that portion of landlord's motion to amend the petition to seek subsequently accruing use and occupancy and to dismiss the affirmative defense alleging improper service of the notice to cure. Leave to amend should be "freely given" (CPLR 3025[b]), particularly where, as here, there was no evidence of any prejudice or surprise to tenant by the proposed amendment (see A.N. Frieda Diamonds, Inc. v Kaminski, 122 AD3d 517 [2014]). With respect to the affirmative defense, tenant failed to rebut the presumption of valid service of the notice to cure created by the process server's affidavit. 
Landlord's remaining contentions are either premature or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 25, 2024