| 38th St. Suites LLC v LT Propco LLC |
|:---:|
| 2024 NY Slip Op 34280(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158708/2023 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. LORI S. SATTLER**              PART              02M

*Justice*

-----------------------------------------------------------------------X

38TH STREET SUITES LLC

                           Plaintiff,

               - v -

LT PROPCO LLC,

                        Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158708/2023 |
| MOTION DATE | 05/31/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50

were read on this motion to/for                   JUDGMENT - SUMMARY        .

In this action arising from alleged nonpayment under a commercial lease, Defendant LT Propco LLC ("Defendant") moves for summary judgment dismissing the three causes of action set forth in the Complaint of Plaintiff 38th Street Suites LLC ("Plaintiff") and granting judgment on its two counterclaims. Plaintiff opposes the motion.

Defendant is a tenant of commercial space located at 15-17 West 38th Street in Manhattan. Defendant subleased the space to Plaintiff pursuant to a sublease dated November 27, 2017 (NYSCEF Doc. No. 46, "Sublease"). Defendant maintains Plaintiff has defaulted under the Sublease by failing to pay $224,478.34 for the months of June, July, and August 2023, and by failing to pay its $21,348.23 share of the real estate taxes for July through December 2023. According to Defendant, it properly served a Notice to Cure on August 24, 2023.

Plaintiff commenced this action on September 3, 2023 by filing a Summons and Complaint (NYSCEF Doc. No. 44) seeking a temporary and permanent injunction restraining Defendant from taking steps to terminate the Sublease based on the Notice to Cure; a declaration that the Sublease is in effect notwithstanding the Notice to Cure; and a declaration that the

[* 1]

Notice to Cure was not properly served. It also filed an emergency Order to Show Cause seeking a *Yellowstone* injunction, and the Court (Adams, J.) granted the emergency relief sought therein. Defendant filed an Answer and interposed two counterclaims for $694,783.25 in unpaid base rent and real estate taxes and at least $15,000 in counsel fees. On November 22, 2023, the Court vacated the temporary restraining order and denied Plaintiff's Order to Show Cause on the grounds that Plaintiff failed to show it had the ability to cure the alleged default (NYSCEF Doc. No. 45 [Adams, J.]). According to Defendant, it served Plaintiff with a Notice of Termination on May 9, 2024 and commenced a holdover proceeding in Civil Court.

Defendant now moves for summary judgment dismissing Plaintiff's three causes of action and entering judgment on its two counterclaims. The motion does not include any exhibits, including, for example, the pleadings, the Sublease, the Notice to Cure and proof of service thereof, the Court's decision denying the *Yellowstone* injunction, the Notice of Termination, or any documents from the holdover proceeding.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853).

Defendant argues that the Court's prior decision renders Plaintiff's first cause of action, for a temporary and permanent injunction, moot, and that Plaintiff's second cause of action, for a declaration that the lease is in full force and effect, is mooted by the Notice of Termination. Defendant further argues there is no issue of fact that the Notice to Cure was properly served

158708/2023   38TH STREET SUITES LLC vs. LT PROPCO LLC                    Page 2 of 4
Motion No. 002

2 of 4

because the "sublease sets forth the methodology of service of notices and in particular permits service by federal express, which is how Defendant served the notice to cure" (NYSCEF Doc. No. 41, Defendant's Memorandum of Law, 7). As to its counterclaims, Defendant argues there are no issues of fact that Plaintiff owes the sums Defendant seeks. It relies on an affidavit of Plaintiff's principal Juda Srour ("Srour") which was attached to Plaintiff's emergency Order to Show Cause (NYSCEF Doc. No. 3). Defendant maintains that Srour admitted to owing the funds sought therein.

Defendant's motion must be denied as it has failed to tender sufficient evidence to eliminate material issues of fact from the case. The crux of Plaintiff's claims in this matter is that Defendant's Notice to Cure was improperly served and therefore any actions which Defendant took thereafter were likewise improper. Defendant's Memorandum of Law states that the Notice to Cure was served via Federal Express in accordance with the Sublease, but no affidavit or other proof of service was annexed to the motion, nor is one filed elsewhere on NYSCEF. The annexed affidavit of Defendant's Senior Vice President and Treasurer, Jennifer Bewley, only states that Defendant "duly noticed Plaintiff pursuant to its Sublease" without any additional specifics (NYSCEF Doc. No. 40). Contrary to Defendant's argument, Plaintiff's first cause of action seeks a temporary and permanent injunction and therefore is not mooted by the Court's denial of a temporary injunction, and the Court is unable to determine whether Defendant's Notice of Termination moots the second cause of action, as it is not attached to the motion or filed elsewhere on NYSCEF. Accordingly, Defendant has not demonstrated the absence of issues of fact as to Plaintiff's causes of action.

Defendant also fails to tender evidence sufficient to eliminate issues of fact on its counterclaims. The Court finds that the Srour affidavit upon which Defendant relies does not

158708/2023 38TH STREET SUITES LLC vs. LT PROPCO LLC Page 3 of 4
Motion No. 002

3 of 4

concede that the sums Defendant seeks are owed. Rather, it is largely focused on an obligation to pay for façade work on the building. As to purported unpaid base rent, the affidavit states: "Should this Court not grant the injunctive relief which Plaintiff seeks by this Order to Show Case, Plaintiff is prepared and maintains the ability to cure the alleged default in the payment of rent sought in the August 24, 2023 Notice to Cure" (NYSCEF Doc. No. 3, ¶ 13). A party seeking a *Yellowstone* injunction is required to demonstrate that "it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (*JDM Wash. St. LLC v 90 Wash. St., LLC*, 200 AD3d 612 [1st Dept 2021], quoting *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). Therefore, Srour's statement does not amount to a concession that alleged default is indeed owed.

Accordingly, Defendant's motion is denied in its entirety. Counsel is directed to appear for a Preliminary Conference on February 25, 2025 at 9:30 a.m. at 60 Centre Street, Room 212.

This constitutes the Decision and Order of the Court.

| 12/4/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158708/2023  38TH STREET SUITES LLC vs. LT PROPCO LLC**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]